UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TODD MILLER, | ) 3:05CV1989 |
| | ) |
| Petitioner | ) JUDGE DONALD NUGENT |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| ROB JEFFREYS, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Todd Miller ("Miller") has filed a petition pro se for a writ of habeas corpus regarding his 2003 guilty plea on charges of unlawful sexual conduct with a minor in the Putnam County, Ohio, Court of Common Pleas. The named respondent is Rob Jeffreys, Warden of North Central Correctional Institution. The petition is based on four grounds, specifically:

 1. Denial of right to appeal through ineffective assistance of counsel.

 2. Trial court violated petitioner's 5th, 6th, and 14th Amendment rights via unconstitutional fact finding to justify imposing  a prison term.

 3. Trial court violated petitioner's 5th, 6th, and 14th Amendment rights via unconstitutional fact finding to justify imposing longer than minimum terms.

 4. Trial court violated petitioner's 5th, 6th, and 14th Amendment rights via unconstitutional fact finding to justify imposing consecutive prison terms.

(Doc. 1.)

The respondent contends that the petition should be dismissed as time-barred. (Doc. 10.) Miller has filed a traverse. (Doc. 13.)

In his traverse, Miller argues that the state court's denial of his motion for leave to file a delayed appeal violates his due process and equal protection rights. (Doc. 13, at 1-3.) This is not one of the grounds on which his petition is based (see doc. 1, at §§12.A.-12.D.), thus habeas relief cannot be granted on that basis.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2003, Miller was indicted by a grand jury on two counts of statutory rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), and 36 counts of unlawful sexual conduct with a minor, in violation of Ohio Rev. Code § 2907.04(A) and (B)(3). (Doc. 10, RX 1, at 1-12.) The minor victim in question was apparently Miller's daughter[1], and the conduct allegedly took place over the period of April 1998 through April 2001, at the commencement of which the girl was twelve years old. (RX 1, at 1.)

On July 31, 2003, Miller entered a plea of guilty to two counts (Counts 3 and 38) of unlawful sexual conduct with a minor, third-degree felonies under Ohio Rev. Code § 2907.04(B)(3). (Doc. 10, RX 3 and 4.)

At the plea hearing, the judge addressed Miller's right to appeal:

Q. Do you understand that [in entering a guilty plea] you are limiting your rights to an appeal?

A. Yes, sir.

---

[1] See doc. 10, at 2, and RX 6, transcript of sentencing hearing, at 14.

> Q. An appeal, if it were to be filed, would have to be filed within 30 days, but you should consider this matter to be largely unappealable except for certain aspects of the sentence; do you understand that?
>
> A. I believe so, sir, yes, sir.
>
> Q. All right. There are certain aspects of the sentence, such as maximum sentence or such as consecutive sentences, which may be the subject of an appeal, but you should consider other issues to be largely unappealable, obviously any errors that may have occurred at trial are being waived because there will be no trial. For example, other aspects of the sentence, other than what I have mentioned, are considered to be largely unappealable; do you understand that?
>
> A. I understand, yes.

(Doc. 10, RX 4, at 7-8.)

On Sept. 5, 2003, Miller was sentenced to a term of four years on each of the two counts, to be served consecutively, was classified as a sexual predator, and was given post-release control for five years following his confinement. Miller was given 133 days of jail credit for time already served. (Doc. 10, RX 5 and 6.)

At the sentencing hearing, the judge again addressed Miller's right to appeal:

> Q. . . . I am ordering that the sentences run consecutively. . . . You do therefore, Mr. Miller, have the right to an appeal. If you choose to file an appeal, you should discuss that matter with your attorney. If you're unable to afford the costs of an appeal or documents necessary for an appeal, you should discuss that matter with an attorney. If you're unable to afford the costs of counsel, you should bring that matter to the attention of the court. Mr. Fisher, I would ask that you protect whatever appeal rights the defendant may have in this matter.

(Doc. 10, RX 6, at 26-27.) The judgment entry of sentencing was dated Sept. 8, 2003. (Doc. 10, RX 5.)

Over one year later, on Jan. 3, 2005, Miller filed pro se a motion for leave to file a delayed appeal pursuant to Ohio App.R. 5(A). (Doc. 10, RX 7-8.) In his

motion, Miller claimed that he did not learn that "he most probably did have a right to appeal his sentence" until March 17, 2004.  (Doc. 10, RX 8, at 1.)  The grounds for his appeal would be pursuant to Ohio Rev. Code § 2953.08(C), in that he had been sentenced to consecutive terms of imprisonment exceeding the maximum term permitted by Ohio Rev. Code § 2929.14 for the most serious offense of which he was convicted.  Id. at 2.

>In his motion for leave to file a delayed appeal, Miller stated:

> While Appellant was very briefly advised as to his right to appeal by the Trial Court in its Judgment Entry of Sentence, he was specifically told by his trial counsel that he had no right to appeal and no grounds on which to perfect an appeal of his sentence after the sentencing hearing.  Appellant then had no further contact with his counsel, in spite of his repeated attempts . . .

(Doc. 10, RX 8, at 1-2.)  He stated that, "had his trial counsel not lied to him regarding his right to appeal, he would have filed his appeal" within the thirty-day time limit.  Id. at 3.

>He also attached an affidavit to his motion, in which he averred:

> "I was told by my trial counsel, after my sentencing, that I could not appeal my sentence and had no grounds upon which to do so."

(Doc.10, RX 8, at [5], ¶9.)

>The court of appeals found that Miller's motion "does not set forth sufficient reason for his failure to timely file a notice of appeal."  (Doc. 10, RX 9, at 1.)  The court stated:

> Defendant was clearly made aware of his appellate rights.  The sentencing judgment provides that defendant was personally addressed by the trial court and advised of his right to appeal, right to have counsel appointed, right to have a transcript prepared at no cost,

and right to have a notice of appeal timely filed on his behalf. Accordingly, the motion for leave is not well taken.

Id. Miller appealed that ruling to the Ohio Supreme Court.

Miller asserted two propositions of law:

1. The Appellate Court erred in denying leave to appeal where the Defendant's trial counsel intentionally or negligently told the Defendant that he could not appeal and had no grounds to appeal, thereby causing Appellant to be deprived of an appeal he otherwise would have taken.

2. The Sixth Amendment is violated by the imposition of an enhanced sentence based on the sentencing judge's determination of facts set forth in R.C. §§ 2929.11, 2929.12, 2929.13, and 2929.14 (other than a prior conviction) that were not found by a jury or admitted to by the defendant.

(Doc. 10, RX 12.)

In his Supreme Court memorandum, he stated: "His attorney told him he had no right to appeal and no grounds of merit upon which to base an appeal. The Trial Court informed the Appellant of his appellate rights, but when the Appellant spoke to his trial counsel, counsel lied to him." (Doc. 10, RX 11, at 1.) He portrayed the issue for high court review as: "May an appellate court deny leave to file a delayed appeal to an indigent, convicted defendant when the delay was caused by the intentional lie of the defendant's counsel?" Id. at 2. He again attached his affidavit to his memorandum to the Ohio Supreme Court. See doc.10, RX 11, at 16, ¶9.

The Ohio Supreme Court denied Miller leave to appeal and dismissed his appeal on July 13, 2005. (Doc. 10, RX 12.)

Miller filed this petition for a writ of habeas corpus on August 12, 2005.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Miller has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

Respondent asserts that the petition should be dismissed because it is time-barred. (Doc. 10.)

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under Ohio law, Miller had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Sept. 8, 2003. (Doc. 10, RX 5.) Thus, the statute began to run on Oct. 9, 2003. See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). He did not file the motion for leave to file a delayed appeal until Jan. 3, 2005, after the one-year habeas statute of limitations had already run. (Doc. 10, RX 7-8.) Miller did not file his habeas petition until August 12, 2005.

Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699, at *3 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006). But see Waldron v. Jackson, 348 F.Supp.2d 877 (N.D. Ohio 2004) (excusing delay, where defendant asked counsel to appeal at sentencing, but appeal was not pursued).

Miller did not file his habeas petition within the one year limitation period.

## IV. EQUITABLE TOLLING

Miller contends that equitable tolling should be applied to excuse application of the habeas statute of limitations. In fact, Miller asserts that "[a]ny Ohio case requires that equitable tolling apply!" (Doc. 13, at 15.)

To benefit from equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005); Anderson v. Attorney Gen. of Fla., No. 04-15378, 2005 WL 1367296 (11th Cir. June 10, 2005) (per curiam), cert. denied, 126 S.Ct. 835 (2005); Fleming v. Lazaroff, No. C-1-05-513, 2006 WL 1804546, at *4 (S.D. Ohio June 28, 2006). The circumstances which will lead to equitable tolling are rare. King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560-561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)). Miller argues that he was unaware of the one-year habeas time limitation, in part because his trial counsel was ineffective. (Doc. 13, at 16.)

In Winkfield v. Bagley, the lower court found ineffective assistance of counsel, where counsel led the petitioner to believe that his motion for a new trial was still pending, when in fact it had been denied. Winkfield, 2003 WL 21259699, at *1, *4. The petitioner argued that the ineffectiveness of counsel constituted an

impediment to filing a timely petition. The Sixth Circuit found that there was no causal connection between counsel's ineffectiveness at the state level, and the petitioner's ability to file a federal habeas petition. Id. at *4. Further, the court stated:

> The facts in this case do not support equitable relief. Although Winkfield argues that he was "unaware of the filing requirements for his direct appeal" and that he had neither actual nor constructive knowledge of the AEDPA limitations period, "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."
>
> Moreover, in order for equitable tolling to apply, the petitioner must diligently pursue habeas relief.

Id. at *5 (internal citations omitted).

The Sixth Circuit has held that insufficient legal advice does not justify equitable tolling, and found that attorney errors do not constitute the extraordinary circumstances required for equitable tolling. Ruvalcaba v. Gansheimer, No. 5:05CV0657, 2006 WL 1865763 (N.D. Ohio June 30, 2006) (citing Jurado v. Burt, 337 F.3d 638, 644-645 (6th Cir. 2003)).

Other federal courts have denied equitable tolling in similar cases. In Springer v. Benik, No. 04-2294, 2005 WL 1389598 (7th Cir. June 7, 2005), the petitioner claimed that his counsel's failure to pursue an appeal constituted ineffective assistance of counsel. The court noted that the petitioner did not begin his state challenge until after the habeas limitations period had expired. Equitable tolling was not granted.

Similarly, Miller did not file his motion for leave to file a delayed appeal until after the one-year habeas statute of limitations had already run, and did not file his habeas petition until ten months after the limitations period had expired.

In M.P. v. Perlman, 269 F.Supp.2d 36, 39 (E.D. N.Y. 2003), the petitioner argued that counsel had failed to follow his directive to file leave to appeal his state conviction.  The district court noted counsel's ineffectiveness "did not interfere with petitioner's timely filing of habeas application."  Id.  Equitable tolling was not granted.

In Francis v. Miller, 198 F.Supp.2d 232, 234-235 (E.D. N.Y. 2002), the court recognized that petitioner's counsel had "abandoned" the petitioner, however, equitable tolling was denied because the petitioner did not show reasonable diligence.  The court found that a petitioner acting with ordinary diligence could have filed a habeas petition notwithstanding the extraordinary circumstances.  See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll); Fleming, 2006 WL 1804546, at *5 (equitable tolling inappropriate where petitioner not diligent in pursuing rights).

Equitable tolling is inappropriate under the circumstances.  Although Miller may have been ill-served by his trial counsel, this court receives hundreds of habeas petitions filed by pro se prisoners every year.  Miller was not diligent in pursuing his rights, by waiting almost two years to file his petition.

V. SUMMARY

Miller's petition for a writ of habeas corpus should be denied as untimely.

RECOMMENDATION

It is recommended that the petition be denied.

Dated:  Nov. 3, 2006                   s/ Kenneth S. McHargh
                                                   Kenneth S. McHargh
                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).