IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD MILLER, | ) | CASE NO. 3:05 CV 1989 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ROB JEFFREYS, Warden, | ) | Magistrate Judge Kenneth S. McHargh |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation (Document #14) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DENIED as it is untimely.

On August 12, 2005, Petitioner filed a pro se petition for writ of habeas corpus regarding his 2003 guilty plea on charges of unlawful sexual conduct with a minor in the Putnam County, Ohio, Court of Common Pleas. The Petition is based on four grounds: (1) the denial of right to appeal through ineffective assistance of counsel; (2) that the trial court violated Petitioner's Fifth, Sixth and Fourteenth Amendment rights via unconstitutional fact finding to justify imposing a prison term; (3) that the trial court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment

rights via unconstitutional fact finding to justify imposing longer than minimum terms; and, (4) that the trial court violated Petitioner's Fifth, Sixth and Fourteenth Amendment rights via unconstitutional fact finding to justify imposing consecutive prison terms. (Document #1.)

On December 12, 2004, Respondent filed an Answer to the Petition, arguing that the Petition should be dismissed as it is time-barred. (Document #10.) On February 15, 2006, Petition filed his Response.[1] (Document # 13.)

On November 3, 2006, Magistrate Judge McHargh issued his Report and Recommended Decision, finding Petitioner's Petition for Writ of Habeas Corpus to be untimely. On November 15, 2006, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation. (Document #15.) Petitioner argues that equitable tolling should be applied to excuse application of the habeas statute of limitations. (*Id.*)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

---

[1] The Magistrate Judge noted that in his Response, Petitioner argues that the state court's denial of his motion for leave to file a delayed appeal violates his due process and equal protection rights. (Document #13, at pp. 1-3.) This is not one of the grounds on which his Petition is based. Therefore, habeas relief cannot be granted on that basis.

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge McHargh as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge McHargh (Document #14) in its entirety; Petitioner's Petition for Habeas Corpus is DENIED as it is untimely.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c): FED. R. APP. P. 22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: November 30, 2006